**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

HAKIM ABDULLAH,

      Plaintiff,

vs.                                      CASE NO. 3:04-cv-667-J-99TEM

CITY OF JACKSONVILLE AND
C. RODGERS, Badge No. 5804,
in his personal capacity,

      Defendants.

_____

<u>**REPORT AND RECOMMENDATION**</u>[1]

      Plaintiff has two motions that were referred to the undersigned for Report and Recommendation on the ruling.  *See* Doc. #23, Order of Referral.   Plaintiff filed a single document in which he moves both to strike Defendants' defenses as insufficient and to dismiss Defendants' counterclaim for lack of subject matter jurisdiction.  Docs. #8 & #9. Defendants oppose both motions.  Docs. #11 & #12.

<u>**BACKGROUND**</u>

      Plaintiff filed his complaint as a *pro se* litigant.  Plaintiff's suit seeks damages for alleged constitutional law violations stemming from an arrest by officers of the Jacksonville Sheriff's Office (Doc. # 1).  The Answer and Counterclaim (Doc. # 7) assert numerous defenses to the suit and institute a counterclaim for costs of incarceration for a period of

---

[1]Any party may file and serve specific, written objections hereto with TEN (10) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  *See* 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

29 days served upon a conviction.

## ANALYSIS

### Motion to Strike

If a party files a motion to strike within twenty (20) days of service of a pleading, Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike any "insufficient defense" or any redundant, immaterial, impertinent, or scandalous matter. However, it is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law.  *See Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chemical Corp.*, 684 F.2d 776 (11th Cir. 1982); *Thompson v. Kindred Nursing Centers East, LLC*, 211 F.Supp.2d 1345 (M.D. Fla. 2002); *In re Sunbeam Securities Litigation*, 89 F.Supp.2d 1326 (S.D. Fla. 1999).   A "court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574 (M.D. Fla. 1995).  Further, the Court is bound by the precedent of *Kelly v. Kosuga*, 358 U.S. 516 (1959), which holds that when evaluating a motion to strike defenses, a court must take as true those facts supporting the questioned defenses and stated in the answer. Id.

Here, Plaintiff filed the Motion to Strike in a timely fashion, but failed to raise any argument actually concerning the sought relief.  See Doc. #8.  In fact, although Plaintiff captioned the relevant portion of his document as "Plaintiff's Motion to Strike. . ." and refers to Fed. R. Civ. P. 12(f) within that title, thereafter he styles his argument as "Plaintiff's Rebuttal to Defendant's [sic] Answer."   Doc. #8 at 1.   Plaintiff appears to request

Defendants' entire Answer be stricken as "insufficient." *See id.*  Yet, no argument is made as to the nature of the asserted insufficiency.

Having reviewed Defendants' responsive pleading, the Court finds Defendants' Answer, including the raised special, affirmative and/or alternative defenses, are not insufficient as a matter of law and do not fit within the other parameters set by Fed. R. Civ. P. 12(f).  Furthermore, review of the relevant case law concerning the striking of pleadings convinces the undersigned that Defendants' assertion of the special defenses is appropriate under Eleventh Circuit standards.  The Court does not find these defenses confuse the issues, unnecessarily prejudice a party or lack relationship to the controversy. Accordingly, the undersigned recommends Plaintiff's Motion to Strike (Doc. #8) be **DENIED**.[2]

**Motion to Dismiss**

The counterclaim filed by the Defendants seeks recovery of $50 a day for the cost of incarceration under Florida Statutes, Sections 960.293 and 960.297.[3]

---

[2]Alternatively, the undersigned would recommend the Motion to Strike be denied as procedurally defective.  Under the Rules of Civil Procedure, Rule 12 (a), (b), and (h), a defendant in a case is required to file an answer to a complaint, and to assert defenses to the action.   If a counterclaim is included in the answer, under Rule 7, Fed.R.Civ.P., the plaintiff may file an answer to the counterclaim.    No other pleading is allowed unless the Court orders a reply to an answer [Rule 7(a), Fed. R. Civ. P.], which did not occur in this case.  Thus Plaintiff's motion to strike defenses (Doc. # 8), which he subsequently terms a "rebuttal" to the answer, is technically a reply not allowed under the Rules of Procedure.

[3]The Court notes that in the case of *Heggs v. State*, 759 So.2d 620 (Fla. 2000), Fla. Stat. § 960.293 and § 960.297 were among those sections declared unconstitutional for violation of the single subject matter requirement set forth in the Florida Constitution, Art. 3, § 6.  However, these sections were later re-enacted by the legislature.

Although Plaintiff asserts the counterclaim is "frivolous" and made to "obtain jurisdiction," the counterclaim is proper under the named statutes.  *Goad v. Fla. Dep't. Of Corrections*, 845 So.2d 880 (Fla. 2003).

Plaintiff also asserts there is no subject matter jurisdiction because the case is not based on diversity and the amount in controversy does not exceed $75,000.  However, Plaintiff overlooks the fact that once a suit is filed, ancillary matters are allowed in the same suit.  Rule 13(a), Fed. R. Civ. P., requires that a claim against the opposing party arising out of the transaction or occurrence that is the subject matter of the opposing party's claim be filed as a counterclaim.  Rule 13(b) further permits a party to state a counterclaim against an opposing party where the claim does not arise out of the transaction or occurrence giving rise to the complaint.

Here, the pleadings do not specifically state whether the sought incarceration fee for 29 days arises out of a conviction on charges filed at the time of the contested arrest that Plaintiff alleges violated his rights.  However, paragraph 20 of the Answer may be read as indicating the sought fee is directly tied to Plaintiff's incarceration following the contested arrest (*see* Doc. #7, generally), and Defendants have asserted the same in the Response in Opposition (Doc. #11 at 2-3).  Thus, this Court determines the asserted counterclaim is compulsory under Rule 13(a) and the binding precedent of this circuit.  *Republic Health Corp. v. Lifemark Hospitals of Fla. Inc.*, 755 F.2d 1453 (11th Cir. 1985).  *See also, Exxon Mobil Corp. v. Allapattah Services, Inc.* 125 S.Ct. 2611, 2633 (2005) (federal courts routinely exercise ancillary jurisdiction over compulsory counterclaims) (internal citations omitted).

Accordingly, the undersigned recommends the Motion to Dismiss (Doc. #9) be

**DENIED**.

      **DONE AND ENTERED** at Jacksonville, Florida this 6th  day of September, 2005.

*Thomas E. Morris*

**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
All counsel of record
      and *pro se* parties
Hon. Timothy J. Corrigan

5